IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| O.A.S., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 25-316J |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| LEONARD ODDO, *in his official capacity as* | ) | Re: ECF No. 37 |
| *Warden of Moshannon Valley Processing* | ) | |
| *Center, et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons that follow, the pending Motion for Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA") (the "Fee Motion"), ECF No. 37, will be granted. [1]

## I.    RELEVANT BACKGROUND

Petitioner O.A.S. ("Petitioner")[2] was, at the initiation of this matter, an immigration detainee being held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania.[3] Petitioner submitted a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (the "Petition") on September 25, 2025. ECF No. 1. In the Petition, Petitioner challenged his lengthy post-removal order immigration detention pursuant to 8 U.S.C. § 1231(a), and sought release. ECF No. 1 at 2 and 36. This Court determined that Petitioner had established that his removal was not likely in the reasonably foreseeable future, and that Respondents had failed to

---

[1] The Parties consented to the jurisdiction of a United States Magistrate Judge on October 20, 2025. ECF Nos. 8 and 10.

[2] Petitioner was granted leave to proceed under a pseudonym. ECF No. 5.

[3] On or about November 17, 2025, Petitioner was transferred to Miami Correctional Facility in Bunker Hill, Indiana. ECF Nos. 30 at 5; 30-1 at 5, 31, and 32.

1

adduce sufficient evidence to rebut that showing. ECF No. 34. As a result, Petitioner's detention had become unreasonable. On December 10, 2025, this Court granted the Petition, and ordered Respondents to release Petitioner forthwith. ECF No. 35.

On January 12, 2026, Petitioner filed the instant Fee Motion, ECF No. 37, and supporting Brief, ECF No. 38.

Respondents initially sought to stay briefing in this matter while the issue of the applicability of the EAJA to immigration habeas cases was being decided by the United States Court of Appeals for the Third Circuit. ECF No. 40. However, while Respondents' motion to stay was pending, the Third Circuit decided Michelin v. Warden Moshannon Valley Corr. Ctr., in which it held that "the EAJA's 'civil action' provision clearly covers habeas actions pursuant to 28 U.S.C. § 2241." 169 F.4th 418, 431 (3d Cir. 2026).

Respondents were ordered to file a response to the Fee Motion, see ECF No. 44, which they did on February 24, 2026, after a short extension of time. ECF No. 48; see also ECF Nos. 46 and 47. Petitioner filed a Reply on March 16, 2026. ECF No. 50.

The Fee Motion, ECF No. 37, is ripe for consideration.

## II.    LEGAL STANDARD

The EAJA provides, in pertinent part,:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Third Circuit has recognized that "civil action[s]" for which fees and other expenses may be awarded under the statute includes immigration habeas petitions under Section 2241. Michelin, 169 F.4th at 431.

In a fee motion under the EAJA:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The parties agree that an award of fees and costs under the EAJA is appropriate where the Court finds "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) … that any fee application be submitted to the court within 30 days of final judgment . . . and be supported by an itemized statement." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990). Petitioner further acknowledges that parties who may recover under the statute include "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed," 28 U.S.C. § 2412(d)(2)(B), but asserts that this limitation does not exclude him. ECF No. 38 at 6.

3

Based on the briefing, it appears that the only dispute between the Parties is whether Respondents' position was "substantially justified."[4]  ECF No. 48 at 4. As the Court of Appeals has recognized:

> Under the EAJA, the Government's position was substantially justified only if its conduct was "justified to a degree that could satisfy a reasonable person." Johnson v. Gonzales, 416 F.3d 205, 210 (3d Cir. 2005) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Government bears the burden of proving its position was justified. Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993). "To satisfy this burden and defeat a prevailing party's application for fees, the government must ... demonstrat[e] '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.' " Cruz[ v. Comm'r of Soc. Sec.], 630 F.3d [321,] 324 [(3d. Cir. 2010)] (quoting Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998)). "[I]n immigration cases, the Government must meet the substantially justified test twice": once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct. Johnson, 416 F.3d at 210. We do not assume the position of the Government was not substantially justified simply because it lost. Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009).

Michelin, 169 F.4th at 433.

---

[4] For reasons that are not entirely clear, Respondents chose not to address in their opposition brief whether the amount of fees and costs demanded by Petitioner was reasonable.  Instead, in a footnote, they request leave to submit supplemental briefing on the particulars of Petitioner's claimed attorney fees only should this Court first find that a fee award is appropriate. Id. at 1 n.1.

This request is baffling.  Petitioner presented a straightforward, itemized request for fees in his timely Fee Motion on January 12, 2026, as required by the statute.  Respondents did not respond in opposition until February 24, 2026 – after the briefing schedule already had been delayed by their stay motion, and after Respondents received an additional extension of time.  ECF Nos. 40 – 48.  Thus, they had ample time to respond.  Further, Respondents present no reason at all why they could not address the specifics of Petitioner's motion in their opposition brief.

If Respondents had wished to dispute the specifics of Petitioner's claimed fees, they could have – and should have – done so in their opposition brief.  Accordingly, Respondents' request will be denied, and the amount of fees requested by Petitioner will be considered unopposed.

Because Respondents bear the burden to demonstrate both their prelitigation conduct and post-litigation position were reasonable, this Court will turn directly to their opposition brief. Unfortunately, Respondents' brief lacks clarity. As best as the undersigned can discern, it appears that Respondents' justification for their pre-litigation conduct was that, at the time that the Petition was filed, Petitioner's detention still was within the 180-day "presumptively reasonable" period under Zadvydas. ECF No. 48 at 7. Respondents also appear to argue that, even though Petitioner could not be removed to his country of origin, the government's request to Canada to take Petitioner somehow made their position reasonable. Id. at 2 and 9. It is unclear whether Respondents raise this as justification for their pre-litigation conduct, or their post-litigation position, or both.

Regardless, this Court finds that Respondents have not demonstrated that their post-litigation position was reasonable. As the undersigned recognized in the Memorandum Opinion granting the Petition, there is no indication that any third country was willing to take Petitioner, and ICE's assertion that his removal was likely to occur in the reasonably foreseeable future appears to have been nothing more than boilerplate. O.A.S. v. Oddo, No. CV 25-316J, 2025 WL 3539058, at *3 and n.5 (W.D. Pa. Dec. 10, 2025). Respondents' apparent arguments that their conduct should be deemed to be reasonable because attempts at third country removal were rare prior to the current executive administration, ECF No. 48 at 8, and that foreign policy "has changed," leaving this area of the law "far from settled[,]" id. at 9, is unpersuasive. Just because something is untried and uncertain does not make it reasonable – far from it in this particular case. Further, for the reasons stated in the Memorandum Opinion issued on December 10, 2025, there is no evidence on the record that would lead a reasonable person to conclude that Petitioner's

removal to a third country was likely to occur in the reasonably foreseeable future at the time that his post-removal order detention had lasted more than 180 days.

Respondents have failed to meet their burden to show that their post-litigation position was reasonable. Petitioner is entitled to fees and costs under the EAJA.

Petitioner seeks a total of $14,764.70 in fees and costs. ECF No. 37 at 1. Petitioner has submitted itemized evidence supporting the conclusion that he is entitled to this amount. ECF Nos. 38-2, 38-3, 38-4, and 38-5. Respondents have not seen fit to dispute any of this evidence in their opposition brief. Further, this Court has reviewed the itemization, and does not observe any specific issues that would warrant a reduction of Petitioner's claimed fees. Additionally, the undersigned notes that the amount sought by Petitioner is in line with, but less than, the amounts affirmed by the Third Circuit in Michelin. 169 F.4th at 423. As a result, Petitioner will be awarded the full amount of fees and costs that he seeks.

The United States Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States." Astrue v. Ratliff, 560 U.S. 586, 589 (2010). An award is payable to the attorney where the client has no outstanding federal debt and expressly assigned the right to receive fees to his or her attorney. See, e.g., Mathews-Sheets v. Astrue, 653 F.3d 560, 565-66 (7th Cir. 2011) overruled on other grounds by Sprinkle v. Colvin, 777 F.3d 421 (7th Cir. 2015); Beattie v. Colvin, 240 F. Supp. 3d 294, 299 n.1 (D.N.J. 2017) ("[I]n this case [which is governed by the EAJA], the legal work was performed *pro bono*, so there is no question of whether fees should be directed to the client to reimburse him for any sums already paid to counsel. To the contrary, where, as is the case here, there is an assignment agreement and the prevailing party owes no debt

6

to the government, the Supreme Court has honored that agreement and awarded attorney's fees directly to the prevailing party's counsel.").

Here, Petitioner avers that, to the best of his knowledge, he does not "owe any debt to the United States federal government." ECF No. 38-1 at 1. He also states that he has elected that any fees and costs that are awarded by the Court be issued directly to his counsel. Id. Therefore, this Court will do so.

## ORDER

AND NOW, this $\underline{12^{th}}$ day May, 2026, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner's Motion for Fees and Expenses Pursuant to the Equal Access to Justice Act, ECF No. 37, is GRANTED. Respondents shall pay Petitioner's counsel the sum of $14,764.70 in attorney fees and expenses on or before **July 16, 2026**.


Dated: May 12, 2026                    BY THE COURT,

                                       MAUREEN P. KELLY
                                       UNITED STATES MAGISTRATE JUDGE


cc:    Counsel of record (*via* CM/ECF)

7